# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON SORRELLS, | Case No.  1:15-cv-00463-SAB-HC |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1) |
| v. | |
| UNITED STATES OF AMERICA, | ORDER DENYING MOTION FOR RELEASE TO THIRD PARTY CUSTODIAN (ECF No. 5) |
| Respondent. | |

Petitioner is proceeding pro se with the instant petition for habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner has consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF No. 4).  Respondent[1] has not appeared in the action.

## I.

## BACKGROUND

On March 18, 2015, Petitioner filed the instant petition for writ of habeas corpus.[2]  It appears from the face of the Petition that Petitioner's custody does not stem from the judgment of

---

[1] Petitioner names the "United States of America" as Respondent in this matter. The proper respondent is the officer having custody of a petitioner, which is generally the warden of the institution where a petitioner is being held.  See Rule 2 (a) of the Rules Governing § 2254 Cases; Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992). However, because the Court determines that the petition must be dismissed, it is not necessary to require Petitioner to amend the petition to name the proper respondent.

[2] Pursuant to the mailbox rule, the Court deems the petition filed on the date it was signed by Petitioner and presumably handed to prison authorities for mailing.  Rule 3(d) of the Rules Governing Section 2254 Cases; Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 122 (9th Cir. 2001).

1  a state or federal court. Rather, Petitioner is a pretrial detainee, awaiting trial in a pending

2  criminal action in this district for theft of governmental property and theft of mail.  (ECF No. 1 at

3  2-3).  In Petitioner's pending criminal case, United States v. Sorrells, 14-cr-00140-LJO-SKO, on

4  July 11, 2014, the undersigned ordered that the Petitioner be released and set conditions of

5  release.  See United States v. Sorrells, 14-cr-00140-LJO-SKO at ECF Nos. 6, 8.  After a pretrial

6  service violation petition was issued, the undersigned conducted a detention hearing on February

7  24, 2015, and released Petitioner with additional conditions of release.  See United States v.

8  Sorrells, 14-cr-00140-LJO-SKO ECF Nos. 17, 21.  On February 27, 2015, a second pretrial

9  release violation petition was issued.  Id. at ECF No. 24.  On Mach 11, 2015, Magistrate Judge

10  Barbara A. McAuliffe conducted a hearing pursuant to 18 U.S.C. § 3148(b) on the United States'

11  motion for revocation of the previous order for release and ordered Petitioner to be detained

12  without bond under the federal bail statute, 18 U.S.C. § 3142.  Id. at ECF Nos. 29, 30.

13  **II.**

14  **DISCUSSION**

15  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to

16  conduct a preliminary review of the petition.  Rule 4 provides in pertinent part:

17

18  > If it plainly appears from the petition and any attached exhibits that
   > the petitioner is not entitled to relief in the district court, the judge
   > must dismiss the petition and direct the clerk to notify the
19  > petitioner.

20

21  Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, this Court has the authority to

22  apply the Rules Governing Section 2254 Cases to other habeas corpus petitions, such as the

23  instant petition. The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a

24  petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

25  respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v.

26  Cook, 260 F.3d 1039 (9th Cir.2001).  A petition for habeas corpus should not be dismissed

27  without leave to amend unless it appears that no tenable claim for relief can be pleaded were

28  such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

1    Pursuant to 28 U.S.C. § 2241, the courts have jurisdiction to consider a habeas petition

2    brought by a federal pretrial detainee.  However, although Section 2241 establishes jurisdiction

3    in the federal courts to consider pretrial habeas petitions, the courts should abstain from the

4    exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on

5    the merits or other procedures available to the petitioner in the pending criminal case.  See, Fay

6    v. Noia, 372 U.S. 391, 417-20 (1963); Jones v. Perkins, 245 U.S. 390, 391-92 (1918); Riggins v.

7    United States, 199 U.S. 547, 550-51 (1905).  In the instant petition, Petitioner complains that his

8    bond was unlawfully revoked by this Court.  The Bail Reform Act of 1984 provides that any

9    "judicial officer" may order the detention or release of a defendant pending trial. See 18 U.S.C. §

10   3142.  Section 3145, Title 18 of the United States Code contains procedures for the review and

11   appeal of such orders. Section 3145(a) of the Act provides that if a magistrate judge orders a

12   defendant released, the Government may file a motion for revocation of the order with "the court

13   having original jurisdiction over the offense." Section 3145(b) of the Act provides, in the same

14   language as Section 3145(a), that if a magistrate judge orders a defendant detained, the defendant

15   may then file a motion for revocation of the order with "the court having original jurisdiction

16   over the offense."  Appeals from Section 3145 detention orders are "governed by the provisions

17   of section 1291 of title 28," which states that "[t]he courts of appeals ... shall have jurisdiction of

18   appeals from all final decisions of the district courts of the United States." 18 U.S.C. § 3145(c);

19   28 U.S.C. § 1291.

20   Some courts have harshly criticized and some have even found it inappropriate when

21   petitioners bring a Section 2241 petition challenging federal pretrial detention.  See Fassler v.

22   United States, 858 F.2d 1016, 1018-1019 (5th Cir. 1988) (per curiam) (noting that a habeas

23   petitioner challenging the constitutionality of a pretrial detention order could have pursued that

24   issue in an appeal pursuant to 18 U.S.C. § 3145);; United States v. Pipito, 861 F.2d 1006, 1009

25   (7th Cir. 1987) (noting that it was not error for the district court to not entertain a habeas petition

26   when petitioner should have followed 18 U.S.C. § 3145); Whitmer v. Levi, 276 Fed.Appx. 217,

27   219 (3rd Cir. 2008) (per curiam) (holding that petitioner challenging his pretrial detention did not

28   seek an appropriate remedy when he filed a habeas petition because adequate remedies were

1    available in his criminal case).

2        In Petitioner's pending criminal case, Magistrate Judge McAuliffe ordered Petitioner to

3    be detained pretrial under 18 U.S.C. § 3142(i)(2)-(4).  The court docket in Petitioner's pending

4    criminal case reflects that he did not file a motion for revocation of Magistrate Judge McAuliffe's

5    detention order before the assigned District Judge.   Petitioner could have challenged his

6    detention order before the assigned district judge in his criminal case, and then if the district

7    judge entered a detention order, Petitioner could have appealed that order to the Ninth Circuit.

8    See 28 U.S.C. § 3145(a), (b), (c).  Instead, Petitioner has filed this writ of habeas corpus, which

9    is an attempt to circumvent the traditional remedies available to Petitioner.  Therefore, Petitioner

10   had an available remedy in his pending criminal case, but he chose not to avail himself of it.  If

11   the Court allows Petitioner to bring his claims before a different judge in a collateral proceeding,

12   it would be a waste of judicial resources and would encourage judge shopping.  See Fassler, 858

13   F.2d at 1018.[3]

14       Therefore, as the Court finds that Petitioner should have pursued available remedies in

15   his pending federal criminal case, but did not do so, the Court finds that a habeas petition is

16   inappropriate in this case.  Thus, the Court denies Petitioner's habeas petition.

17       On April 15, 2015, Petitioner filed a motion for release to a third party custodian for

18   urgent medical reasons.  (ECF No. 5).  Petitioner raises many of the same claims that he raised in

19   his petition, and he is asking the Court to review Judge McAuliffe's detention order.   This

20   motion is denied for the same reasons that the petition for habeas corpus is denied.  This motion

21   should have been filed in Petitioner's federal criminal case.

22   ///

23   ///

24   ///

25   ///

26   ///

_____

27   [3] The Court also notes that Petitioner is represented by counsel in his criminal matter, and his counsel may choose to
28   file in the pending criminal matter the same claims that Petitioner raises here should Petitioner's attorney deem them appropriate.

**III.**

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.   The petition for writ of habeas corpus is DENIED;

2.   Petitioner's motion for release to a third party custodian is DENIED;

3.   The Clerk of Court is DIRECTED to close this action; and

4.   As this petition is filed pursuant to 28 U.S.C. § 2241 and does not concern the underlying conviction, a certificate of appealability is not required.   Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir.1997).

IT IS SO ORDERED.

Dated:   **April 16, 2015**

UNITED STATES MAGISTRATE JUDGE